STATE, Plaintiff, v. TADYCH, Defendant.

*No. State 24. Decided June 16, 1975.*
(Also reported in 230 N. W. 2d 162.)

For the plaintiff the cause was submitted on the brief of *Robert H. Bichler* of Racine.

PER CURIAM. This is a bar discipline proceeding. After a complaint was filed and served by the Board of State

Bar Commissioners on the defendant, Albert Tadych, asking for discipline by virtue of alleged unprofessional conduct as a lawyer and the alleged failure of the defendant to cooperate with District 2 (formerly 4) Grievance Committee, the defendant answered that complaint and George Kroncke, Jr., was appointed as referee. On September 30, 1974, he submitted his findings and recommendations to the supreme court. A motion for the court to approve and accept the findings was made by the Board of State Bar Commissioners on November 6, 1974, and although a brief in support of the bar commissioners' position has been filed as of January 15, 1975, no brief has been filed by the defendant although he has received continuations so that such brief could be served and filed. The court now proceeds to consider the findings and recommendations of the referee. There is abundant evidence in the record to support the findings of the referee of unprofessional conduct on the part of Tadych.

The first complaint is of defendant's negligent representation of four separate clients on four separate matters. Although the referee found that the professional conduct of the defendant with respect to his performance as a lawyer in connection with two clients did not warrant disciplinary action, the referee did find that Tadych was neglectful with respect to the business of two other clients.

Mrs. Ellen Keller was injured in August, 1970. The referee found that the defendant undertook to "do something" for her and the referee further found that over the months there was inaction on the part of the defendant and this "violated his duty to Mrs. Keller." The referee concluded "It was fortunate that she was enabled to retain other counsel in time to make a settlement before the statute had run."

Frank Struck retained the defendant when Struck was injured in an automobile accident on February 2, 1965.

The defendant let the three-year statute of limitation go by before serving a summons and complaint to cover Struck's injuries. The referee found that the action was dismissed at a later date for lack of prosecution. When the defendant attempted to justify his failures by claiming he was not given notice, the referee found "It was the duty of defendant to apprise the court in which the action was pending of any address changes or to make sure that he would receive all mail addressed to him at Wisconsin Avenue." This, the referee found, the defendant failed to do.

The second charge of professional misconduct against the defendant involves his attempt to free himself from his personal malpractice in connection with the automobile accident involving Frank Struck. The referee found that the defendant paid Struck $500 in exchange for a receipt from Struck releasing the defendant from further liability toward Struck and withdrawing Struck's complaint. The referee found it was a violation of the Code of Ethics for Tadych to settle Struck's claim against him without insisting that Struck be represented by counsel of his own choosing.

For its third and final complaint of professional misconduct against defendant, the Board of State Bar Commissioners complains of the failure on the part of Tadych to cooperate with the state bar grievance authorities and the Board of State Bar Commissioners. We find, as did the referee, that "The record is replete with defendant's failure to answer letters from lawyers and a judge, official communications, telephone messages and the like. It is truly possible that he was not made aware of all of these, but certainly some of them must have reached him, and these he simply ignored." The referee found that "Defendant failed to cooperate with disciplinary authorities."

In summary, the referee concludes:

"I find against the defendant on each of the three causes of action alleged in the complaint.

"Defendant failed to carry out his responsibilities as an attorney in behalf of Ellen Keller and Frank Struck. Defendant violated Sec. 247.37 (1) (a) of the Statutes. Defendant violated Sec. DR 6–102 of the *Code of Professional Responsibility.* Defendant failed to cooperate with the authorities in disciplinary proceedings.

"I recommend that Albert Tadych's license to practice law be suspended for a period of one year, and that he be required, as a condition of its reinstatement, to pay one half the expenses of his prosecution, not however to exceed five hundred dollars."

This is indeed a case of slovenly practice, which obviously violates the defendant's oath under which he is privileged to practice law in this state. We conclude that the referee's findings are abundantly supported by the record and that his recommendations for discipline are fully justified.

It Is Ordered that the license of Albert Tadych to practice law shall be suspended for a period of one year from entry of this order and for such period as thereafter shall expire before his license to practice law is restored. Such restoration and reinstatement as a member of the State Bar is conditioned upon (1) his paying the costs of these proceedings (not to exceed $500) ; (2) his petitioning for reinstatement under Rule 10, Sec. 5, of the Rules and By-Laws of the State Bar of Wisconsin; (3) his appearance before the Board of State Bar Commissioners for examination as to his maintenance of professional standards, if reinstated, with a report and recommendation as to his reinstatement to be made to this court by such board; and (4) his satisfying this court, before being reinstated, both by his conduct from this time forward and by assurances given the court, that he will not, if reinstated, repeat or return to the course of conduct involved in the charges made in the complaint in this matter.